## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**Holding a Criminal Term**

**Grand Jury Sworn in on June 6, 2025**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **CRIMINAL NO.** |
| : | |
| **v.** : | **MAGISTRATE NO. 25-MJ-141** |
| : | |
| **ANTHONY GRANT,** : | **VIOLATIONS:** |
| : | **18 U.S.C. § 922(g)(1)** |
| **Defendant.** : | **(Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year)** |

**VIOLATIONS:**
**18 U.S.C. § 922(g)(1)**
**(Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year)**

**21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii)**
**(Unlawful Possession with Intent to Distribute 28 Grams or More of Cocaine Base)**

**18 U.S.C. § 924(c)(1)(A)**
**(Using, Carrying, or Possessing a Firearm During and in Relation to a Crime of Violence or Drug Trafficking Crime)**

**FORFEITURE:**
**18 U.S.C. § 924(d); 21 U.S.C. § 853(p); and 28 U.S.C. § 2461(c)**

## INDICTMENT

The Grand Jury charges that:

## COUNT ONE

On or about August 8, 2025, within the District of Columbia, **ANTHONY GRANT**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court for the District of Columbia, Criminal Case Nos. 2015-CF2-007105, 2011-CF2-020216, and 2005-FEL-007434, and Prince George's County, Maryland Circuit Court Case No.

CT111012A, did unlawfully and knowingly receive and possess a firearm, that is, a Smith & Wesson 9mm pistol, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

The Grand Jury further alleges that, before **ANTHONY GRANT** committed the offense charged in this count, **ANTHONY GRANT** had at least three previous convictions for offenses qualifying under 18 U.S.C. 924(e)(2) that were committed on occasions different from one another.

(**Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

## COUNT TWO

On or about August 8, 2025, within the District of Columbia, **ANTHONY GRANT** did unlawfully, knowingly, and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of cocaine base, also known as crack, a Schedule II narcotic drug controlled substance, and the amount of said mixture or substance was 28 grams or more.

(**Unlawful Possession with Intent to Distribute 28 Grams or More of Cocaine Base**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii))

## COUNT THREE

On or about August 8, 2025, within the District of Columbia, **ANTHONY GRANT** did knowingly carry and use a firearm, that is, a Smith & Wesson 9mm pistol, during and in relation to drug trafficking crime for which he may be prosecuted in a court of the United States, that is, Unlawful Possession with Intent to Distribute 28 Grams or More of Cocaine; in violation of Title 18, United States Code, Section 924(c)(1)(A).

(**Using, Carrying, or Possessing a Firearm During and in Relation to a Crime of Violence or Drug Trafficking Crime**, in violation of in violation of Title 18, United States Code, Section 924(c)(1)(A))

2

## FORFEITURE ALLEGATION

1.     Upon conviction of the offenses alleged in Count One of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms involved in or used in the knowing commission of the offenses, including but not limited to a Smith & Wesson 9mm pistol.

2.     If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    (a)     cannot be located upon the exercise of due diligence;

    (b)     has been transferred or sold to, or deposited with, a third party;

    (c)     has been placed beyond the jurisdiction of the Court;

    (d)     has been substantially diminished in value; or

    (e)     has been commingled with other property that cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

    (**Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c))

Jeanine Ferris Pirro                                          A TRUE BILL:
United States Attorney

By: _____                             FOREPERSON.
Gauri Gopal
Chief, Federal Major Crimes

3