UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 25-CR-303-RBW |
| ANTHONY GRANT, | |
| Defendant. | |

### GOVERNMENT'S MOTION TO CANCEL EVIDENTIARY HEARING & RULE ON MOTION TO QUASH (ECF NO. 32)

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to: (i) cancel the evidentiary hearing scheduled for January 8, 2026; and (ii) rule on the United States's Motion to Quash based on the parties' written submissions alone. *See* (ECF Nos. 32-33). As grounds for this Motion, the United States relies on the following points and authorities:

### I.   RELEVANT FACTUAL BACKGROUND

On November 6, 2025, Defendant, through his counsel, subpoenaed the Metropolitan Police Department ("MPD") custodian of records for the following information: Any and all certified records documenting all arrests for drug possession and drug distribution between August 1, 2024, and August 31, 2025, from the following locations: 1) 2600 Block of Georgia Avenue NW, 2) 2600 Block of Sherman Avenue NW & 3) 2900 Block of Sherman Avenue NW. Please provide the PD-251 for each arrest identified responsive to this subpoena. *See* (ECF No. 32-1).

On December 5, 2025, the United States filed a Motion to Quash the aforementioned subpoena, and on December 11, 2025, Defendant filed his response. *See generally* (ECF Nos. 32, 33).

On December 19, 2025, the Court held a hearing related to the United States's Motion to Quash. At the hearing, the Court ordered that United States Park Police Detective Sergeant Christopher Giblin appear before the Court on January 8, 2026, to "testify about the timeframe, basis, and reasons for his representation that the areas at the time of the defendant's search and arrest in this case, including the designated area of Georgia Avenue N.W., referenced in the Gerstein Affidavit [33-1], have been or are categorized by law enforcement as open-air drug market(s)." (ECF No. 34).

## II.   ARGUMENT

On December 29, 2025, the undersigned spoke with United States Park Police Detective Sergeant Giblin about the Court's December 19, 2025, Order. Based on this conversation, the United States would proffer to the Court that if Sergeant Giblin were called to testify on January 8, 2026, he would state that:

- The fact that the areas of Defendant's search and arrest (including the designated area of Georgia Avenue N.W., Washington, D.C.) constitute "open-air drug markets" played no role in either the stop or the search of the vehicle Defendant was operating at the time of the offense;

- He did not rely on any arrest data or other information from the MPD to qualify the respective areas as "open-air drug markets"; and

- The basis for such a qualification includes his observations patrolling those areas for the last fifteen years, which includes a narcotics-related arrest within the last two years ███████████████████████████████████████

Accordingly, this information shows that on August 8, 2025, law enforcement would have stopped and searched Defendant's vehicle regardless of whether the relevant areas, including the designated area of Georgia Avenue NW, Washington, D.C., were "open-air drug markets" or not.[1]

---

[1] The United States was not aware of this fact when it filed its Motion to Quash or at the time of the Court's December 19, 2025, hearing on the motion. Considering the new information learned from Sergeant Giblin,

Specifically, law enforcement stopped Defendant's car for a series of traffic infractions and searched the vehicle due to, among other things: (i) the smell of marijuana emanating from the car; (ii) Defendant's statement that he had just gotten off work and smoked marijuana; and (iii) marijuana being found in Defendant's pant pocket during a protective pat down prior to the search. A search of Defendant's vehicle based on these facts is permitted under the law. *See, e.g.*, *United States v. Jackson,* 167 F. App'x 812, 813 (D.C. Cir. 2005) ("[T]he smell of burnt marijuana emanating from the vehicle provided probable cause to justify the agents' search of the vehicle [the defendant] was driving."); *United States v. Turner,* 119 F.3d 18, 20 (D.C. Cir. 1997) (finding probable cause to search vehicle when there was the "smell of burnt marijuana emanating from the car, the pieces of torn cigar paper arrayed around [the defendant], and the ziplock bag of green weed material found on the floor behind his seat."); *United States v. Williams*, 878 F.Supp.2d 190, 204 (D.D.C. 2012) (discussing how courts have previously found probable cause to search a vehicle when officers smell marijuana).

Furthermore, even if the "open-air drug market" qualification played a role in law enforcement's conduct—which it didn't—Sergeant Giblin did not rely on any MPD information to make this determination. Thus, Defendant's November 6, 2025, subpoena is seeking records from an agency that was not involved in this matter in any way.

---

Defendant's November 6, 2025, subpoena fails the relevancy prong under *United States v. Nixon*, 418 U.S. 683 (1974), in that the documents sought do not have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401; *see also United States v. Libby*, 432 F.Supp.2d 26, 31 (D.D.C. 2006) (discussing the relevance prong of the three-part test outlined in *Nixon*).

### III. CONCLUSION

Wherefore, for the reasons set forth above, the United States respectfully requests that the Court cancel the January 8, 2026, evidentiary hearing, and rule on the United States's Motion to Quash based on the parties' written submissions alone.

Respectfully submitted,

JEANINE FERRIS PIRRO.
UNITED STATES ATTORNEY

By:     */s/ Joshua Satter*
JOSHUA SATTER
N.Y. Bar No. 5477112
Assistant United States Attorney
United States Attorney's Office for the
District of Columbia
601 D Street NW
Washington, D.C. 20530
(202) 252-6885
Josh.Satter@usdoj.gov

Dated: December 31, 2025